IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| OYENOKACHIKEM CHARLES OSAMOR, § | | |
| Plaintiff, § | | |
| § | | |
| V. § | C.A. H-09-1500 | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Defendant. § | | |

**ORDER STRIKING DOCUMENTS
FILED IN CRIMINAL CASE AND
DIRECTING CLERK TO RE-DOCKET THEM,
AND ORDER OF DEFICIENCY**

This is a civil action filed by a federal prisoner seeking the return of property. (D.E. 1.) Plaintiff has applied for leave to proceed in forma pauperis, and filed two documents in support of that request, an affidavit and a "response," which contains account information from his prisoner account. Because he erroneously filed these documents in his criminal case, the Clerk is hereby directed to strike his filings in that case (4:01-cr-764, D.E. 219, 220) and to re-file those two documents in the instant case.

Additionally, as expressly set forth in Chief Judge Head's order converting Plaintiff's motion into a civil action, all "pleadings related to Osamor's motion for return of property shall be filed in the civil case file only." (See 4:01-cr-764, D.E. 216 at 4.) Plaintiff is again reminded that all documents related to his motion for return of property shall be filed only in the instant civil case, and not in his criminal proceedings or any other civil case. If Plaintiff files any such documents related to his motion for return of property in other cases in the future, they will be stricken and will not be transferred to the instant case.

The Prison Litigation Reform Act ("PLRA") requires prisoners filing lawsuits to pay an initial partial filing fee. The PLRA also requires prisoners to pay the balance of the full filing fee of $350. While Plaintiff's affidavit to proceed in forma pauperis appears complete, the related account information he has provided is not. Specifically, 28 U.S.C. § 1915(a)(2) dictates that a prisoner seeking to bring a civil action without prepayment of fees "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint."

Plaintiff filed his motion for return of property by mailing it on March 29, 2009. Accordingly, he needs to provide account information for the 6-month period preceding that date, or from September 29, 2008 until March 29, 2009. The account information provided by Plaintiff lists transactions from February 19, 2009 through May 23, 2009. Is it therefore incomplete.

To remedy this deficiency, it is hereby ORDERED that, **not later than 20 days after entry of this Order,** Plaintiff shall file updated account information for the entire six-month period specified above. His failure to do so may result in the dismissal of his complaint for failure to pay the filing fee or submit information sufficient for the Court to determine whether he is entitled to proceed *in forma pauperis*.

It is so ORDERED this 26th day of June, 2009.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE